**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

OLIVER DOZIE OKPALAUGO,
　　　　　　　*Defendant-Appellant.*

No. 02-4512

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-01-421)

Submitted: January 13, 2003

Decided: January 29, 2003

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. Kevin Frank McDonald, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Oliver Dozie Okpalaugo pled guilty to knowingly and without lawful authority using a means of identification of another person with the intent to commit bank fraud, in violation of 18 U.S.C. § 1028(a)(7) (2000), and was sentenced to twelve months imprisonment. Okpalaugo's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues on appeal, but raising three issues. Okpalaugo has filed a pro se supplemental brief. We affirm.

Okpalaugo first challenges the adequacy of the Rule 11 hearing. Because Okpalaugo did not move to withdraw his guilty plea in the district court, we review the Rule 11 proceeding for plain error, *see United States v. Martinez*, 277 F.3d 517, 527 (4th Cir.), *cert. denied*, __ U.S. __, 123 S. Ct. 200 (2002), and find none.

Okpalaugo next contends the district court erred in determining his sentencing guidelines range. We conduct a de novo review of legal interpretation of the guidelines and review the underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). We find that the district court correctly applied the guidelines and properly sentenced Okpalaugo to twelve months imprisonment.

Okpalaugo also contends his counsel was ineffective in failing to properly advise him and in failing to explain the plea agreement. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must ordinarily bring such claims in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *King*, 119 F.3d at 295. An exception exists when the record conclusively establishes ineffective assistance. *Id.* We find the record does not conclusively establish ineffective assistance and decline to consider Okpalaugo's claims on direct appeal.

In accordance with *Anders*, we have reviewed the entire record and find no meritorious issues for appeal. We therefore affirm Okpalaugo's conviction and sentence. We have reviewed Okpalaugo's pro se supplemental brief and find his claims meritless. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*